IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DALE CONRAD McQUISTON,**     )<br>                                                            )<br>       Movant,                                     )<br>                                                            )<br>v.                                                       )<br>                                                            )<br>**UNITED STATES OF AMERICA,**  )<br>                                                            )<br>       Respondent.                             ) | Civ. No. 1:24-cv-01162-STA-jay<br>Cr. No. 1:88-cr-10054-JDT |

**ORDER TRANSFERRING PETITION/MOTION TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE PETITION**

Petitioner Dale Conrad McQuiston, inmate number 11697-076, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 USC §2255. (ECF No. 1.) The §2255 Motion is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b). For the following reasons, the Motion is **TRANSFERRED** to the Sixth Circuit Court of Appeals.

Movant/Defendant McQuiston previously filed *Dale Conrad McQuiston v. United States of America*, 2:10-cv-02542-STA-dkv (W.D. Tenn. Sept. 25, 2019). In that matter, McQuiston's motion pursuant to 28 U.S.C. § 2255 was denied on September 24, 2019, and judgment was subsequently entered. (ECF Nos. 23, 24.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under *In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir.

1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. Under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Id.*

Because Movant/Defendant must obtain a certification from the Sixth Circuit Court of Appeals before filing this second or successive motion, it is hereby **ORDERED** that the Clerk of Court transfer this motion to the United States Court of Appeals for the Sixth Circuit for a determination of whether Movant/Defendant can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  August 12, 2024